# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00084-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARIO CLOTHINO GOMES, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Notice of Filing Regarding Restitution [Doc. 52].

At the sentencing hearing on December 18, 2013, the issue arose as to whether restitution could be ordered in this case when the Defendant and the victim previously entered into a settlement agreement in a civil lawsuit based on the same actions giving rise to the instant case. The Defendant argued that the settlement agreement barred the Government from seeking additional restitution on behalf of the victim. The Government contended, on the other hand, that the settlement amount may be used only to offset the total amount of restitution ordered. Pursuant to 18 U.S.C. § 3664(d)(5), the Court deferred the final determination of restitution for a

period of ninety (90) days and ordered the parties to submit briefs on the issue presented.  On January 13, 2014, the parties submitted their respective briefs.  [Docs. 45, 47].

Upon review of the parties' briefs, the Court concluded that the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664, requires that the Court set restitution at whatever figure it determines to be the full amount of the victim's loss and that the Defendant would then be entitled to have that amount reduced by the amounts paid pursuant to his settlement agreement with the victim pursuant to § 3664(j)(2).  The Court further allowed the parties an additional opportunity to submit any further briefing on the issue of restitution and the amount of restitution to be awarded before entering an Amended Judgment.  [Doc. 51].

The Government filed a Notice on February 26, 2014, submitting the response of the victim's attorneys and three exhibits, in support of its request for restitution.[1]  [Doc. 52].  The Defendant did not file any supplemental briefing.

Upon review of the Government's submission [Doc. 52], the Court concludes that restitution should be ordered in this case in the amount of

---

[1] The Government's filing was made beyond the deadline set by the Court, but the Court granted the Government leave to file its submission late.  [Doc. 56].

$878,000 for losses sustained by the victim Arthur L. Williams. The Defendant is jointly and severally liable with defendants Gregory James Fuselier, 1:11cr67, and Robert George Mathis, III, 1:11cr54, for the total amount of the restitution, at least as to the amount that the Defendant has been held responsible for individually. The Defendant is entitled, however, to have that amount reduced by the amounts paid pursuant to his settlement agreement with the victim pursuant to 18 U.S.C. § 3664(j)(2).[2]

Accordingly, **IT IS, THEREFORE, ORDERED** that the Clerk shall prepare an Amended Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: June 7, 2014

Martin Reidinger
United States District Judge

---

[2] Any such payment may also inure to the credit of Defendants Fuselier and Mathis, but that is not a matter before this Court.