# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00084-MR-DLH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) ) **Plaintiff,** ) ) vs. ) ) **MARIO CLOTINHO GOMES,** ) ) **Defendant.** ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of his term of supervised release, a motion for a modification of the terms of his supervised release, and a motion for return of his passport. [Doc. 70]. The Government has advised the Court's chambers that it opposes the Defendant's motion in all respects.

On February 29, 2012, the Defendant was found guilty by a jury of multiple counts of wire fraud and wire fraud conspiracy. He was sentenced on December 18, 2013 to a term of 52 months' imprisonment to be followed by three years of supervised release. [Doc. 43]. An Amended Judgment was subsequently entered ordering the Defendant to pay $878,000 in restitution. [Doc. 65]. The Defendant commenced his term of supervised

release on November 13, 2017.  The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release.

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted at this time.  The Defendant just began his term of supervised release less than two months ago.  He still has a significant outstanding restitution obligation.  Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

The Defendant also objects to his supervising probation officer requiring him to be drug tested and to attend drug treatment for a period of six (6) months.  The mandatory drug testing requirement was suspended in the Judgment.  [Doc. 43 at 3].  The Court has been informed that the probation officer has discontinued testing the Defendant.  Therefore, this portion of the Defendants Motion is moot.  Defendant is advised, however, that resumption of such testing is in the discretion of the probation officer in accord with standard condition 14. [Id.].

The Defendant also requests the return of his passport so that he may make plans to travel internationally to visit his mother. In light of the Defendant's outstanding restitution obligation and the relatively short time that he has been on supervision, the Defendant's request for the return of his passport is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 70], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS FURTHER ORDERED** that the Defendant's requests for modification of his conditions of supervision and for return of his passport [Doc. 70] are **DENIED**.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office for the Northern District of Georgia.

**IT IS SO ORDERED.**   Signed: January 24, 2018

Martin Reidinger
United States District Judge