# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00084-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARIO CLOTINHO GOMES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of his term of supervised release and a motion for permission to apply for a passport. [Doc. 78]. The Government has advised the Court's chambers that it does not oppose the Defendant's motion.

On February 29, 2012, the Defendant was found guilty by a jury of multiple counts of wire fraud and wire fraud conspiracy. He was sentenced on December 18, 2013 to a term of 52 months' imprisonment to be followed by three years of supervised release. [Doc. 43]. An Amended Judgment was subsequently entered ordering the Defendant to pay $878,000.00 in restitution. [Doc. 65]. The Defendant commenced his term of supervised release on November 13, 2017.

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted at this time. The Defendant has completed a little over half of his term of supervised release. He still has a significant outstanding restitution obligation. Therefore, barring extraordinary circumstances, the Court would not terminate supervision at such an early stage.[1] Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time. The Court will, however, give the Defendant permission to apply for a new passport. If and when the Defendant obtains a new passport, he may then request permission from his supervising probation officer and this Court to travel.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 78], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

---

[1] It is also noted that the Defendant's probation officer has not responded to the Court to provide his input regarding this request.

**IT IS FURTHER ORDERED** that the Defendant's request for permission to apply for a passport [Doc. 78] is **GRANTED**.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office for the Northern District of Georgia.

**IT IS SO ORDERED.**

Signed: July 3, 2019

Martin Reidinger
United States District Judge